**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**SONIA HADI**

                        **Plaintiff,**                       Civil Action No.:

   -against-                                     **COMPLAINT &**
                                                            **JURY TRIAL DEMAND**

**QATAR AIRWAYS Q.C.S.C.,**

                        **Defendant.**
-----------------------------------------------------------x

The Plaintiff, SONIA HADI, by her attorneys, BOHRER & LUKEMAN PLLC, as and for her complaint against defendant, QATAR AIRWAYS Q.C.S.C., alleges the following upon information and belief:

**PARTIES JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, in that Defendant has offices and transacts business within this judicial district, namely at the international terminal of John F. Kennedy International Airport in Jamaica, New York (JFK).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391, in that a substantial part of the events or omissions giving rise to the claim arose out of Defendant's contacts with the judicial district.

4. Plaintiff resides in Queens, New York.

5. Defendant QATAR AIRWAYS Q.C.S.C. is a foreign corporation authorized to do business in the State of New York.

6. Defendant QATAR AIRWAYS Q.C.S.C. maintains business offices at 350 Fifth Avenue, in the City, County, and State of New York.

7. Defendant QATAR AIRWAYS Q.C.S.C. was and is a common carrier engaged in the business of transporting passengers for hire by air.

8. As part of its business as a common carrier of passengers by air, Defendant QATAR AIRWAYS Q.C.S.C. operates regularly scheduled flights to and from JFK Airport in the City and State of New York.

9. The Plaintiff's travel pursuant to the contract of carriage which forms the basis for this cause of action originated, concluded, and was purchased in the State of New York.

## STATEMENT OF FACTS

10. One such flight took place on or about May 31, 2022, wherein Defendant QATAR AIRWAYS Q.C.S.C. operated and controlled a certain aircraft, designated as Qatar Flight QR 702 from JFK to Doha, Qatar (DOH) ("the subject flight").

11. On or about May 31, 2022, Plaintiff was a fare-paying passenger lawfully travelling onboard the subject flight with her infant lap child.

12. On or about May 31, 2022, Defendant QATAR AIRWAYS Q.C.S.C. employed both flight and cabin crews aboard the subject flight who were responsible for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

13. On or about May 31, 2022, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by Defendant QATAR AIRWAYS Q.C.S.C.

14. On or about May 31, 2022, Defendant QATAR AIRWAYS Q.C.S.C. was responsible for the service, maintenance, inspection, and/or repair of the subject aircraft as well as the food and beverage service equipment employed therein.

15. On or about May 31, 2022, Defendant QATAR AIRWAYS Q.C.S.C. was responsible for the training, management, supervision, and/or control of its flight and cabin crews aboard the subject flight, including but not limited to said crew's adherence to standard safety policies and protocol with respect to the operation of its food and/or beverage service carts.

16. On or about May 31, 2022, while seated aboard the subject aircraft and holding her infant child in her arms, Plaintiff was injured as the result of an accident.

17. Specifically, during the course of the subject flight, Plaintiff was severely burned as the result of contact with scalding hot liquid which fell and spilled from a wheeled food and/or beverage service cart under the operation and control of one or more of Defendant's cabin crew members.

18. Plaintiff's contact with scalding hot liquid was caused by the negligence, carelessness and/or recklessness of the Defendant, its employees, agents, servants and/or contractors.

19. Plaintiff's injuries were caused by an accident pursuant to Article 17 of the Montreal Convention, defined as an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiff's own internal reaction to the normal operation of the aircraft.

20. As a result of said accident, Plaintiff was injured.

21. As a result of said accident, Plaintiff was seriously injured.

22. As a result of said accident, Plaintiff was permanently injured.

23. As a result of said accident, Plaintiff suffered significant pain, scarring and disfigurement and, in the future, shall continue to suffer from same.

24. As a result of said accident, Plaintiff suffered severe emotional distress insofar as she was holding her infant child at the time of the accident and feared the actions of the Defendant's

cabin crew members could result in serious burns to her infant as well.

25. As a result of said accident, Plaintiff suffered economic loss and, in the future, shall continue to suffer from same.

26. As a result of said accident, Plaintiff was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

27. As a result of said accident, Plaintiff was deprived of her enjoyment of life, pursuits, and interests and in the future shall continue to be deprived of same.

28. As a result of the foregoing, Defendant is liable to pay full, fair and reasonable damages to Plaintiff pursuant to the Montreal Convention.

29. There can be no limit imposed on Plaintiff's recovery insofar as Defendant cannot meet its burden of proof, pursuant to Article 21 of the Montreal Convention, that its negligence did not cause or contribute to the accident and the resulting injuries to Plaintiff.

30. There can be no limit imposed on Plaintiff's recovery insofar as Defendant cannot meet its burden of proof, pursuant to Article 21 of the Montreal Convention, that the injuries suffered by Plaintiff were caused solely by the acts of third parties.

31. Plaintiff did not cause or contribute to her injuries and is free from any comparative fault.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SONIA HADI demands judgment against Defendant, QATAR AIRWAYS Q.C.S.C., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

Dated:  May 23, 2023                                BOHRER & LUKEMAN, PLLC

BY:_____
Abram I. Bohrer, Esq. (AB4336)
David A. Zeitzoff, Esq. (DZ9036)
5 Columbus Circle, Suite 1501
New York, New York 10019
Tel. (212) 406-4232
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.